UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOSEPH BERAM,

    Plaintiff,                                  CASE NO.   0:17-cv-60359

vs.

CITY OF FT. LAUDERDALE,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Joseph Beram, by and through undersigned counsel, sues Defendant, City of Ft. Lauderdale, and states:

### JURISDICTION AS TO ALL COUNTS

1. This is an action for damages that involves a Federal question.

2. Plaintiff, Joseph Beram, ("Beram") at all times relevant hereto, was a resident of Broward County, Florida.

3. The event of transaction out of which this claim arose occurred in the City of Ft. Lauderdale, County of Broward, Florida.

### COUNT I – VIOLATION OF CONSTITUTIONAL RIGHTS

4. On or about February 19, 2013, Plaintiff was arrested by the Defendant the City of Ft. Lauderdale, by and through the city of Ft. Lauderdale Police Department amid allegations of aggravated battery with a deadly weapon.

5. At the time there was no weapon produced or independent witness.

6. Based upon the Defendant's investigation, a written and sworn Charging affidavit was prepared by the Defendant and submitted to the office of the State Attorney for the State of Florida wherein formal charges were brought against the Plaintiff.

7. Subsequent to arrest, Plaintiff was detained at the Broward County Detention Center.

8. At the time the Plaintiff was arrested, the Defendant alleged pursuant to that investigation that there were witnesses that would testify that Beram committed the crime. However, the City of Ft. Lauderdale, by and through its agents the police department failed to take any independent witness statements.

9. Plaintiff did not commit the crime.

10. Defendant had a duty to ensure that a reasonable investigation was conducted to ensure that individuals such as the Plaintiff were not falsely arrested nor held contrary to an individual's will, and a duty to ensure that a thorough investigation was completed and incorporated into the charging affidavit prepared by the Defendant.

11. Plaintiff was briefly held against Plaintiff's will be being incarcerated at the Broward County Detention Center.

12. During that time, the Defendant, by and through Defendant's police officers, knew or should have known on a continual basis that the Defendant had failed to conduct a reasonable investigation to ensure the accuracy of witness identification of the Plaintiff and/or to determine whether the Plaintiff was the individual who committed the crime.

13. Despite that fact, Defendant failed to conduct an investigation and/or continue to conduct an investigation.

14. Plaintiff had a constitutional right to be free from unreasonable searches and seizures and/or due process pursuant to the 4th and 14th amendments to the United States Constitution.

15. Defendant, by and through Defendant's Police Department, had a policy and/or procedure wherein Defendant failed to property train Defendant's police officers in conducting investigations, follow-up investigations and/or victim identification by witnesses.

16. Defendant's failure to train was in violation of Plaintiff's Constitutional right to be free from an unreasonable search and seizure and/or due process in violation of the 4th and 14th amendments to the United States Constitution.

17. As a result, Plaintiff was incarcerated against Plaintiff's will.

18. On or about October 19, 2016, after a jury was sworn and just prior to trial, the witnesses upon whom the State Attorney relied to testify at trial indicated the Plaintiff was not the individual responsible for the crime.

19. The State Attorney than reduced the charges against the Plaintiff.

20. As a result of plaintiff's incarceration, plaintiffs suffered mental anguish and humiliation, and loss of job and school opportunities and seeks damages pursuant to 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the following:

A. Mental anguish and humiliation;

B. Many damages as a result of loss of job opportunities;

C. Attorney's fees pursuant to 42 U.S.C. section 1981;

D. Such other and further relief as the Court deems just and proper in the circumstances; and

  E. Trial by jury.

Respectfully submitted on 17th day of February, 2017.

           **BALKAN & PATTERSON**
           *Attorneys for Plaintiff*
           1877 South federal Highway, Suite 100
           Boca Raton, FL 33432
           Telephone: (561) 750-9191
           Facsimile: (561) 750-1574
           Email:  gary@balkanpatterson.com

          By: */s/Gary W. Kovacs*
            GARY KOVACS
            Fla. Bar No. 973483